**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ROBIN RANDALL,                          )   NO. CV 04-759  (Mc)
                                        )
              Plaintiff,                )
                                        )   MEMORANDUM OF DECISION
         v.                             )   AND ORDER IN A SOCIAL
                                        )   SECURITY CASE
JO ANNE B. BARNHART,                    )
Commissioner of the                     )
Social Security Administration,         )
                                        )
              Defendant.                )
_____ )

     The plaintiff, ROBIN RANDALL, filed the present action for review
of a final determination of the Commissioner of Social Security (the
"Commissioner") that the plaintiff is not disabled and not entitled to
Disability Insurance Benefits ("DIB") and Supplemental Security Income
("SSI") disability benefits.

     Because the plaintiff's Complaint was not filed within the
statutory time limits, the plaintiff's Complaint is dismissed.

**BACKGROUND**

     The plaintiff protectively filed an application for DIB and SSI
benefits under the Social Security Act (the "Act") on May 31, 2002.
[Administrative Record ("AR") 16, 52, 53-55, 56-58.]  The Commissioner
denied the application [AR 46-49], and, at the plaintiff's request, an

1  administrative hearing was held before Administrative Law Judge
2  Frederick J. Graf (the "ALJ") on June 5, 2003. [AR 29-43.]  On August
3  27, 2003, the ALJ filed a decision concluding that the plaintiff was
4  not under a disability as defined in the Act at any time through the
5  date of the decision. [AR 9-16.]  The Appeals Council denied the
6  plaintiff's request for review of the ALJ's decision on November 10,
7  2003. [AR 3-6.]  The decision of the ALJ stands as the final decision
8  of the Commissioner.

9       Thereafter, the plaintiff filed the present action.  The
10 plaintiff and the Commissioner have consented to proceed before a
11 United States Magistrate Judge.  The parties have entered into a Joint
12 Stipulation setting forth their arguments.

13                            **DISCUSSION**

14      42 U.S.C. § 405(g) provides that "[a]ny individual, after any
15 final decision of the Commissioner of Social Security made after a
16 hearing to which he was a party, irrespective of the amount in
17 controversy, may obtain a review of such decision by a civil action
18 commenced within sixty days after the mailing to him of notice of such
19 decision or within such further time as the Commissioner of Social
20 Security may allow." See also 20 C.F.R. §§ 404.981, 416.1481.

21      20 C.F.R. § 422.210 also provides that the "[a] claimant may
22 obtain judicial review of a decision by an administrative law judge if
23 the Appeals Council has denied the claimant's request for review..."
24 but that such an action "must be instituted within 60 days after the
25 Appeals Council's notice of denial of request for review of the
26 administrative law judge's decision . . . is received by the
27 individual, institution, or agency, except that this time may be
28 extended by the Appeals Council upon a showing of good cause. For

purposes of this section, the date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary."

The complaint, therefore, must be filed within sixty-five days of the date of notice of the Appeals Council's denial of review.

The Appeals Council's denial of review is dated November 10, 2003.  The complaint was lodged February 4, 2004, supported by a declaration in support of request to proceed in forma Pauperis, filed February 4, 2004.  The complaint was filed February 12, 2004, after the court granted the plaintiff's application to file the action without a filing fee on February 10, 2004.  The complaint should have been filed by January 14, 2004.  There is no dispute, therefore, that the complaint was not filed within the sixty-five days, nor is there any contention by the plaintiff that she was not properly notified of the time requirements.

The Commissioner moves that the complaint should, therefore, be dismissed. The Commissioner raised this issue as an affirmative defense in the Commissioner's answer.

The plaintiff counters that she made a timely request with the Appeals Council for an extension of time to file the complaint.  The date of the request was December 2, 2003, and that "[t]he unacted upon request for an extension of time routinely granted by the Appeals Council extends the statute of limitations." Joint Stipulation at 5.

The Commissioner, however, denies any knowledge of the request for extension.  Joint Stipulation at 4; Joint Stipulation, Exhibit A, Declaration of Rose Ray, page 3.

1    However, even assuming that the plaintiff had, in fact, requested

2  an extension within the sixty day period,[1] the plaintiff has cited no

3  authority whatsoever for the proposition that the request for an

4  extension extends the statute of limitations. [Joint Stipulation at

5  5.] To the contrary, the plaintiff herself concedes that the filing of

6  the request for extension does not automatically guarantee an

7  extension, acknowledging as she does that "[t]he Appeals council will

8  grant those extensions of time for good cause."[2] [Joint Stipulation at

9  6.] Loyd v. Sullivan, 882 F.2d 218, 219 (7th Cir. 1989)(Even if we

10 were to assume that Loyd's request for an extension was timely sent,

11 it does not necessarily follow that the Council would have granted an

12 extension.  According to the statute, the decision to grant an

13 extension rests within the discretion of the Secretary, and so it is

14 \\\

15 \\\

16

17    [1]As evidence, the plaintiff submits as Exhibit 1, a letter
   addressed to the Appeals Council dated December 2, 2003, and a
18 Declaration of Lorraine Ramirez.  Ms. Ramirez declares that she is
   employed with the office of the plaintiff's counsel and that on
19 December 2, 2003, she sent, via facsimile transmission the letter
   requesting an extension. The plaintiff also submits an Activity Report
20 indicating that a fax transmittal was sent purportedly to the Appeals
   Council, although the document sent is not identified in the Activity
21 Report.

22    [2]The plaintiff contends that such good cause exists.  The
   plaintiff argues that further time was needed because the plaintiff
23 retained new counsel and that extra time was needed "to review the
   matter before the filing of the complaint.  Extra time was also needed
24 because Ms. Randall did not have a telephone and all communication
   would have to take place via the United States Postal Service." [Joint
25 Stipulation at 6, citing Exhibit 1.  However, six weeks remained
   between the date of the request for extension and the time limit for
26 filing the Complaint, and the references to a lack of a telephone
   appears to refer to another client, not to the plaintiff.  In any
27 case, it is within the discretion of the Appeals Council to make this
   determination.
28

not enough for Loyd to show that a request was made.)[3]  Ordinarily, if the Appeals Council is aware of a request for extension, it will act upon the request and notify the plaintiff. HALLEX I-3-9-60.  However, since the Commissioner claims no knowledge of the request for extension, no explanation for rejecting the request was provided, but inasmuch as the Commissioner moves for dismissal, it is a reasonable assumption that the Appeals Council has rejected the plaintiff's request.  Denial of an extension, however, does not extend the time limit, nor is the denial of an extension subject to judicial review. Peterson v. Califano, 631 F.2d 628, 630-31 (9th Cir. 1980); Turner v. Bowen, 862 F.2d 708, 710 (8th Cir. 1988).

For the above stated reasons, the Commissioner's motion for dismissal is granted.

<u>**ORDER**</u>

IT IS ORDERED that the complaint and action is dismissed as untimely filed in violation of 42 U.S.C. § 405(g).

Dated: January 31, 2006

_____/s/_____
JAMES W. McMAHON
United States Magistrate Judge

---

[3]The plaintiff argues that her case differs from that of Loyd in that in Loyd, the plaintiff's counsel merely "averred" that he requested an extension, whereas in her case, "the request for extension has the confirmation of the facsimile receipt generated by the fax machine." [Joint Stipulation at 7.] However, the 7th Circuit rejected Loyd's argument that a material fact exists over whether his letter was timely sent.  The 7th Circuit found that this issue was irrelevant.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28